## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

SUN LIFE ASSURANCE COMPANY
OF CANADA,

     Plaintiff,

v.            CIVIL ACTION NO.   2:22-cv-00204

ROBIN ELIZABETH PERSINGER
and JOHNNIE PERSINGER,

     Defendants.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Agreed Motion for Interpleader Relief* (Document 5). Therein, the Plaintiff requests an order from the Court permitting it to remit funeral expenses to Simons-Coleman Funeral Home, deposit the remaining balance of the Death Benefits with the Court, and be dismissed from the action upon the transfer of funds.  For the reasons detailed herein, the Court finds that the motion should be granted.

The Plaintiff filed this interpleader action on April 27, 2022. (Document 1). The action arises due to conflicting issues of fact and law that remain as to the proper beneficiary of certain death benefits.  The Plaintiff argues it has been unable to resolve these issues without risking exposure to liability.   The current Defendants are the two named beneficiaries of the Decedent Billy Joe Persinger's life insurance plan.  The Decedent was an employee of Collins Pine Company, and a participant in an ERISA-regulated life insurance plan (the "Plan").   The Plaintiff is the claim administrator for the Plan.   At the time of his death, the Decedent was insured for $25,000 of basic coverage and $20,000 of voluntary coverage for a total potential benefit of $45,000 (the "Death Benefits").   These benefits became payable to proper eligible beneficiaries

upon his death, subject to the factual circumstances and relevant policies.   The Defendants assigned a total of $12,381.04 of the Death Benefits to Simons-Coleman Funeral Home for the Decedent's funeral expenses, with the remainder presumably to be distributed to eligible beneficiaries.   However, the Plaintiff has not been able to ascertain the proper beneficiaries or otherwise disburse the Death Benefits given specific circumstances surrounding the Decedent's death and West Virginia law.

The death certificate received by the Plaintiff records the Decedent's cause of death as exsanguination from sharp force injuries to the neck. (Document 1).   It further notes that there is a pending investigation.   The Plaintiff asserts that the West Virginia State Police is investigating what they reference as the Decedent's "suspicious death." (Document 1).   West Virginia law bars the acquisition of any estate property or insurance money by any individual involved in the killing of the decedent. W. Va. Code § 42-4-2. Thus, if the investigation ultimately determines the Decedent was killed, anyone convicted of the killing or conspiracy to kill him would be barred from receiving estate or insurance money from the Decedent.   While nothing in the record indicates that either Defendant was involved or is otherwise implicated, because of the incomplete investigation and claim information, the Plaintiff is unable to definitively determine the eligibility of either or both defendants for receipt of benefits.   Accordingly, to avoid making determinations that may expose it to liability, the Plaintiff moves for the requested relief.

The Fourth Circuit has outlined the "classic circumstance" of an interpleader action like this case, where "a stakeholder, has money or other property that is claimed, or may be claimed, by two or more other parties, the claimants, creating a risk of inconsistent claims to the property or judgments against the stakeholder that exceed the value of the property." *AmGuard Ins. Co. v.*

2

*SG Patel and Sons III, LLC,* 999 F.3d 238, 244 (4th Cir. 2021) (internal quotations and citations omitted).   Rather than be forced to potentially litigate on multiple fronts, the procedure allows the "stakeholder to join all claimants and efficiently resolve their claims to a corpus in a single forum and proceeding." *Id.* (internal quotations and citations omitted).   The simplest form of this is when the stakeholder claims no interest in the potentially contested money or property, and is indifferent to its distribution, but solely seeks to deposit it with the Court for proper distribution. *Id.* (internal quotations and citations omitted).   "Once the property is deposited in the court, the court directs the claimants to interplead among themselves for their portion, and the stakeholder is discharged." *Id.* (internal citations omitted).

This is the precise circumstance presented here.   The Plaintiff claims no interest in the Death Benefits or preference toward its ultimate distribution.   Instead, the Plaintiff seeks solely to deposit all the potentially contested funds with the Court, remit the funeral expenses, and remove itself from the matter.   Absent this relief, the Plaintiff would be required to make determinations of fact and law that subject it to multiple conflicting claims or judgments and could expose it to potential liabilities or litigation expenses.   Given its status as a neutral stakeholder, with no beneficial interest in the Death Benefits, interpleader relief appears warranted.   Further, the Plaintiff notes that all parties or their counsel have reviewed and agreed to the requested relief.

Wherefore, after careful consideration, the Court **ORDERS** that the Plaintiff's *Agreed Motion for Interpleader Relief* (Document 5) be **GRANTED**.   Specifically, the Court **ORDERS** that the Plaintiff be permitted to remit payment of $12,381.04 to Simons-Coleman Funeral Home and deposit the remaining balance of the Death Benefits into the Registry of this Court.   The Court

**ORDERS** that Defendants Robin Elizabeth Persinger and Johnnie Persinger answer and present claims to the Death Benefits to the extent they have not done so.

Further, the Court **ORDERS** that the Defendants be **ENJOINED** and **RESTRAINED** from instituting any action or proceeding in any State or Federal Court against the Plaintiff, Collins Pine Company, or the Plan, related to the funds detailed within this interpleader action.   The Court **ORDERS** that any other person or party not yet joined who may make a claim or otherwise be entitled to the Decedent's Death benefits be subject to the conditions set upon the current named Defendants.

The Court **ORDERS** that the Plaintiff be **DISMISSED WITH PREJUDICE** from this action, and the Plaintiff, Collins Pine Company, and the Plan be **DISCHARGED** from any further liability in this matter upon payment of the Death Benefits and any applicable interest in the Registry of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    May 26, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4