IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SUN LIFE ASSURANCE COMPANY
OF CANADA,

            Plaintiff,

v.                                        CIVIL ACTION NO.   2:22-cv-00204

ROBIN ELIZABETH PERSINGER
and JOHNNIE PERSINGER,

            Defendants.

**MEMORANDUM OPINION & ORDER**

The Court has reviewed the Defendants' *Motion for Disbursement of Assets in the Clerk's Office* (Document 10), and all attached exhibits. Therein, the Defendants request an order disbursing the assets retained in the Treasury Registry of this Court to the Defendants in equal shares.

**RELEVANT BACKGROUND**

The Plaintiff filed this interpleader action on April 27, 2022. (Document 1). The action arises due to conflicting issues of fact and law that remain as to the proper beneficiary of certain death benefits. The Plaintiff argues it has been unable to resolve these issues without risking exposure to liability. The current Defendants are the two named beneficiaries of the Decedent Billy Joe Persinger's life insurance plan. The Decedent was an employee of Collins Pine Company, and a participant in an ERISA-regulated life insurance plan (the "Plan"). The Plaintiff is the claim administrator for the Plan. At the time of his death, the Decedent was insured for

$25,000 of basic coverage and $20,000 of voluntary coverage for a total potential benefit of $45,000 (the "Death Benefits").

These benefits became payable to proper eligible beneficiaries upon his death, subject to the factual circumstances and relevant policies. The Defendants assigned a total of $12,381.04 of the Death Benefits to Simons-Coleman Funeral Home for the Decedent's funeral expenses, with the remainder presumably to be distributed to eligible beneficiaries. However, the Plaintiff has not been able to ascertain the proper beneficiaries or otherwise disburse the Death Benefits.

The death certificate received by the Plaintiff records the Decedent's cause of death as exsanguination from sharp force injuries to the neck. (Document 1). It further notes that there is a pending investigation. The Plaintiff asserts that the West Virginia State Police is investigating what they reference as the Decedent's "suspicious death." (Document 1). West Virginia law bars the acquisition of any estate property or insurance money by any individual involved in the killing of the decedent. W. Va. Code § 42-4-2. Thus, if the investigation ultimately determines the Decedent was killed, anyone convicted of the killing or conspiracy to kill him would be barred from receiving estate or insurance money from the Decedent. While nothing in the record indicates that either Defendant was involved or is otherwise implicated, because of the incomplete investigation and claim information, the Plaintiff is unable to definitively determine the eligibility of either or both defendants for receipt of benefits.

Pursuant to Order of this Court (Document 6), the Plaintiff remitted payment of $12,381.04 to Simons-Coleman Funeral Home and deposited the remaining balance of the Death Benefits into the Registry of this Court. The Plaintiff was then dismissed with prejudice from this action.

(Document 6). The Defendants, after conducting further investigation and a deposition, now jointly move for disbursement of the retained assets to them individually, and in equal shares.

**DISCUSSION**

An action under rule or statutory interpleader is best thought of as "a remedy involving two steps." 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice & Procedure* § 1714 (3d ed. 2022); *see also U.S. v. High Technology Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007). In the first stage, the question is whether the party can invoke interpleader, or otherwise stated, whether the party satisfied the requirements for rule or statutory interpleader. *Id.* In the second stage, the court determines the respective rights of the claimants to the property. *Id.*; *see, e.g.*, *Brinson v. Brinson*, 334 F.2d 155, 160 (4th Cir. 1964). The Federal Rules of Civil Procedure treat an action under interpleader no different than any other action. Thus, the second stage of an "interpleader action" will proceed like any other action. *Id.* Consequently, summary judgment under Federal Rule of Civil Procedure 56 can be awarded if appropriate. S*ee, e.g.*, *Brinson v. Brinson*, 334 F.2d 155, 160 (4th Cir. 1964).

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning

3

a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

Although the present motion is not labeled as a motion for summary judgment, it is within the Court's discretion to treat it as such. *Logar v. W. Virginia U. Bd. of Governors*, 493 Fed. Appx. 460, 461 (4th Cir. 2012) (unpublished) (citing *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir.1998)). A motion to dismiss or motion for judgment on the pleadings that presents "matters outside the pleadings" is to be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). The Defendants are, as evidenced by the titling of their motion, requesting judgment in the form of disbursement of funds retained by this Court's Registry. The Defendants do so by pointing to matters outside of the pleadings, namely the deposition of Officer Daniel P. White. Finding that the Defendants are requesting judgment in the form of disbursement of the deposited funds, and all parties have been given a reasonable opportunity "to file counter affidavits or pursue reasonable discovery," this motion shall be converted into a motion for summary judgment. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir.1985).

The ultimate issue in this case is "whether a court would find that Defendant Robin and/or Defendant Johnnie would be entitled to benefits under the [insurance policy], or whether a court would determine that neither designated beneficiary should receive said benefits pursuant to W. Va. Code § 42-4-2.[1]" (Document 1). Otherwise stated, the issue is whether either of the

---

[1] W. Va. Code § 42-4-2 states in pertinent part:
    A person who has been convicted of feloniously killing another, or of conspiracy in the killing of another, may not take or acquire any money or property, real or personal, or interest in the money or property, from the one killed or conspired against, either by descent and distribution, or by will, or by any policy or certificate of insurance, or otherwise; but the money or the property to which the convicted person would otherwise have been entitled shall go to the person or persons who would have taken the money or property if the convicted person had been dead at the date of the

4

Defendants is excluded from receiving the benefit of the insurance policy because they feloniously killed the Decedent. Although the Decedent did suffer a suspicious death, the deposition of the investigating officer, Officer Daniel P. White, establishes that neither Defendant is suspected of the felonious killing of the Decedent.

Regarding Defendant Johnnie, Officer White states that despite Defendant Johnnie and the Decedent having a history of fighting, he has no information that the Defendant was with the Decedent when he was stabbed and has no reason to list him as a suspect. Depo of White at 9 (Document 10-1). Regarding Defendant Robin, Officer White also states that Defendant Robin was not with the Decedent on the day he died. *Id.* at 10. Additionally, both Defendants Robin and Johnnie have provided alibis that have "panned out." *Id.* at 8. What is more, Officer White states that he has identified suspects who are not the Defendants, that were with the Decedent prior to his death, and who have the proper motive.[2] *Id.* at 10. Finally, neither Defendant disputes that the other is entitled to a fifty-percent share of the remaining assets. Nothing in the record would permit a finding, by a preponderance of the evidence, that either of the Defendants committed a felonious killing of the Decedent. Therefore, disbursement is appropriate.

The Defendants also argue that there is a relevant question as to whether the Decedent died from suicide or not. Inasmuch as the disbursement of insurance proceeds could be contingent on whether the Decedent committed suicide or not, nothing in the record would permit a finding, by a preponderance of the evidence, that the Decedent committed suicide. The Decedent's death was caused by a puncture wound to the neck, resulting in exsanguination. *Id.* at 10–11. After being

---

death of the one killed or conspired against, unless by some rule of law or equity the money or the property would pass to some other person or persons.

[2] "I do have suspects in this who was with [Billy Persinger] prior. There is a motive. It does not include Robin Persinger or Johnnie Persinger, the brother, in any way though." Depo of White at 10.

stabbed, the Decedent left a blood trail more than 4,000 feet long. *Id.* at 12. These circumstances have led Officer White to conclude, based on his experience, that "[i]t doesn't appear . . . that it was a suicide at all." *Id* at 12. Accordingly, there being no support for a finding of suicide, disbursement is appropriate.

Wherefore, after careful consideration, the Court **ORDERS** that the Defendants' *Motion for Disbursement of Assets in the Clerk's Office* (Document 10) be **GRANTED**, the balance of the remaining proceeds be released to their counsel, and each Defendant be awarded a fifty-percent share.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 16, 2023

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA